In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-246 CV


____________________



IN THE MATTER OF P.D.M.






On Appeal from the County Court at Law


Polk County, Texas


Trial Cause No. JV02753






MEMORANDUM OPINION



 P.D.M. appeals the delinquency findings and determinate sentences of twenty-four
years for murder and twenty years for injury to a child. In his initial merits brief to the Court,
P.D.M. argues that the trial court erred (1) by sentencing P.D.M. for murder "when the jury
failed to find that the act was knowingly and intentionally committed" and (2) by submitting
a disposition charge on murder, with a maximum determinate sentence of forty years, on a
delinquency finding for manslaughter. At our request, the parties briefed a related issue,
namely, whether the double jeopardy bar against multiple punishments bars a determinate
sentence for injury to a child as a lesser included offense of felony murder where the
underlying felony is endangering a child.

 P.D.M. shot his sister once in the face, killing her. Eyewitnesses testified that P.D.M.
pointed the 9mm firearm at his sister and two twelve-year-old friends and dry-fired the gun
before the weapon discharged. The trial court submitted three questions to the jury, to wit: 

 Question Number 1


 Do you find from the evidence beyond a reasonable doubt that the Respondent, 
[P.D.M.], has committed delinquent conduct in that he did commit or attempt
to commit a felony, to wit endangering a child, and in the course of and in
furtherance of the commission or attempt, or in the immediate flight from the
commission or attempt, committed or attempted to commit an act clearly
dangerous to human life that caused the death of [F.M.], namely, by pointing
a loaded firearm at in the direction of the said [F.M.] and then pulling the
trigger on said firearm? If you do so find from the evidence beyond a
reasonable doubt, you will answer "YES". Unless you so find, or if you have
a reasonable doubt thereof you will answer "NO".

 

 Answer Yes or No Answer: YES 

 


 With regard to Question 2 and Question 3, if you believe from the evidence
beyond a reasonable doubt that the respondent has engaged in delinquent
conduct by causing serious bodily injury to [F.M.] as alleged below but have
a reasonable doubt as to whether he did such "intentionally or knowingly" or
"recklessly", then you should resolve that doubt in the respondent's favor and
find that he has engaged in such conduct "recklessly".

 





 Question Number 2


 

 Do you find from the evidence beyond a reasonable doubt that the Respondent,
[P.D.M.], has committed delinquent conduct in that he did intentionally, or
knowingly cause serious bodily injury to [F.M.], a person 14 years of age or
younger, by shooting her with a firearm? If you do so find, beyond a
reasonable doubt, you will answer "Yes". Unless you so find, or if you have
a reasonable doubt thereof you will answer "NO".


 Answer Yes or No Answer: NO 



 IF YOU HAVE ANSWERED QUESTION NUMBER 2 "YES" DO NOT
ANSWER QUESTION NUMBER 3 IF YOU HAVE ANSWERED
QUESTION NUMBER 2 "NO", ANSWER QUESTION NUMBER 3

 

 Question Number 3


 

 Do you find from the evidence beyond a reasonable doubt that the Respondent,
[P.D.M.], has committed delinquent conduct in that he did recklessly cause
serious bodily injury to [F.M.], a person 14 years of age or younger, by
shooting her with a firearm? If you do so find, beyond a reasonable doubt, you
will answer "Yes". Unless you so find, or if you have a reasonable doubt
thereof you will answer "NO".


 Answer Yes or No Answer: YES 


 P.D.M. contends the charge was erroneous because it permitted the jury to convict
P.D.M. of murder for an act committed with a "reckless" state of mind. He argues the verdict
contained conflicting answers because the jury found that P.D.M. committed murder but also
found that he recklessly committed injury to a child. Because the jury did not find that he
acted intentionally and knowingly, P.D.M. argues, the verdict must be reversed. We
disagree.

 The jury finding that P.D.M. engaged in delinquent conduct in answer to Question
Number 1 is based upon the commission of felony murder. See Tex. Pen. Code
Ann. § 19.02(b)(3) (Vernon 2003). Unlike the other two subsections of the statute, Section
19.02(b)(3) omits a culpable mental state. Lomax v. State, 233 S.W.3d 302, 304 (Tex. Crim.
App. 2007). The "very essence" of the felony-murder rule makes the person "guilty of an
'unintentional' murder when he causes another person's death during the commission of
some type of a felony." Id. at 305. The predicate felony need not have been intentionally or
knowingly committed. Id. at 304. The felony offense of endangering a child may be
committed recklessly. See Tex. Pen. Code Ann. § 22.041(c), (f) (Vernon Supp. 2007). 
Therefore, the jury charge did not permit the jury to make inconsistent findings relating the
mens rea for murder and injury to a child.

 In his supplemental brief, P.D.M. contends the trial court violated his constitutional
right against being twice placed in jeopardy for the same offense when the trial court utilized
determinate sentencing through a conviction of a lesser included offense. He argues injury
to a child and endangering a child have substantially the same elements and the same
evidence was used to establish a determination of delinquency on both of the charged
offenses. P.D.M. concedes that injury to a child and murder in the commission of
endangering a child violate distinct statutory provisions and each contain an element the
other does not. Accordingly, P.D.M. concedes he has been punished for separate offenses
under the Blockburger test. See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct.
180, 182, 76 L.Ed. 306 (1932). Blockburger is a tool for ascertaining whether the Legislature
intended to permit multiple punishments. Ex parte Ervin, 991 S.W.2d 804, 814 (Tex. Crim.
App. 1999). Other considerations relevant to a double jeopardy analysis include whether the
offenses are: (1) contained within the same statutory section; (2) phrased in the alternative;
(3) named similarly; (4) share a common gravamen that tends to indicate a single instance
of conduct; (5) contain differing elements that can be considered the same under an imputed
theory of liability under a liberalized Blockburger standard; and (6) intended to be treated as
same or different offenses in legislative history. Id.

 P.D.M. argues that the predicate offense of endangering a child is a lesser included
offense of injury to a child, so that the two offenses are the same for double jeopardy
purposes. Because the State relied on the lesser included offense to elevate a manslaughter
to murder, he contends, the State cannot punish him for both murder and injury to a child. 
The State, on the other hand, argues that the same facts were not necessarily used to prove
both cases. In particular, the State argues that P.D.M. "had been dry-firing the weapon
throughout the evening at children under the age of fifteen prior to a bullet being loaded in
the chamber of the weapon and pointing it one last time at or in the direction of his sister and
pulling the trigger." Thus, the State separates the act used to prove the predicate child
endangerment from the act used to prove the injury to the child and the act clearly dangerous
to human life that caused the victim's death. (1)

 P.D.M. argues "there is nothing that clearly illustrates that the legislature intended to
punish the offenses of endangering a child and injury to a child separately[.]" In reply, the
State contends the Legislature expressed a clear intent that multiple punishments be allowed
for injury to a child and felony murder. We agree with the State's construction of the
applicable statutes. In this case, a determinate sentence was imposed for an offense
committed under Section 22.04 of the Penal Code. "A person who is subject to prosecution
under both this section [Section 22.04] and another section of this code may be prosecuted
under either or both sections." Tex. Pen. Code Ann. § 22.04(h) (Vernon Supp. 2007). This
statute plainly authorizes multiple punishments for injury to a child and any other penal code
section. See Johnson v. State, 208 S.W.3d 478, 510-11 (Tex. App.--Austin 2006, pet.
ref'd)(convictions for capital murder and injury to an elderly individual). Murder and
endangering a child are both contained in sections of the Penal Code other than Section
22.04. See Tex. Pen. Code Ann. §§ 19.02, 22.041. "A defendant suffers multiple
punishments in violation of the Double Jeopardy Clause when he is convicted of more
offenses than the legislature intended." Ervin, 991 S.W.2d at 807. Because the legislature
clearly indicated its intent to permit multiple concurrent punishments, we hold that the
determinate sentences imposed in this case are not constitutionally prohibited.

 We overrule the appellant's issues and affirm the judgment.

 AFFIRMED.



 _____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on October 11, 2007

Opinion Delivered February 7, 2008


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The State argued this theory to the jury. P.D.M. raised the multiple punishments
double jeopardy issue for the first time in response to our request for further briefing and did
not raise a double jeopardy claim at any time in the trial court. Because it was not undisputed
that the predicate offense arose from the same conduct as the injury to a child, P.D.M.
arguably failed to preserve the issue for appellate review. See Gonzalez v. State, 8 S.W.3d
640, 645 (Tex. Crim. App. 2000)(Appellant forfeited multiple punishments claim arising out
of convictions for aggravated robbery and injury to an elderly person where jury's verdict on
aggravated robbery could have rested upon deadly weapon paragraph rather than robbery of
an elderly individual.). Although it is a close question, our review of the appellate record in
this case leads us to conclude that the multiple punishments issue is clearly apparent on the
record and enforcing the usual rules of procedural default would serve no legitimate state
interest. See id. at 643.